## HOUSTON v. FRAZIER.

1. L. was indebted to F., and in payment, sold him a promissory note, but without indorsement, on A. This note was collected of M. as an attorney, but the suit thereon was in the name of L. and did not show that any one else was interested therein. F. demanded the money of M. after he received it, and while H., who was about to become L.'s administrator, was present, informing the latter that he should claim the money of him, if he

11

received it; to which M. replied that he could not recognize the right of any one to the money but L.'s administrator. H. administered, received the money of M., and returned it in the inventory as a part of L.'s estate: *Held*, that *assumpsit* for money had and received, would lie against H., in his individual capacity; that the notice, and subsequent receipt and appropriation of the money, being a conversion of it, rendered a further demand unnecessary.

Writ of Error to the Circuit Court of Sumter.

THE defendant in error declared against the plaintiff in assumpsit, for money had and received. On the trial before the jury, the defendant below excepted to the ruling of the Court. It is shown by the bill of exceptions, that the plaintiff proved, in September or October, 1840, he paid a debt of Bryan Lavender, for $215, and Lavender, in order to refund the same, in part, agreed to sell to the plaintiff a promissory note on David M. Abbott, and the note was accordingly passed to him, but without indorsement. This note was collected by suit, by John W. Mann, an attorney at law, but the record does not show, that any other person was interested in its recovery, than Lavender, who was the plaintiff. While the money was in the sheriff's hands, and after he had paid it over to Mann, the plaintiff in this action demanded it of Mann, but he refused to pay, assigning as a reason that he knew nothing of his right to it, and could not recognize the title of any one but Lavender's administrator. The plaintiff once demanded the money of Mann in the presence of the defendant, and notified the latter, who it was understood was about to administer, that he should claim the money of him, when he received it.

The money was not demanded, except as stated, before the institution of this suit; nor did it appear that the defendant ever refused to pay, or deny the plaintiff's right to the money, though he returned the same in his inventory as the property of Lavender's estate.

The defendant's counsel prayed the Court to charge the jury as follows: 1. If the money in question was collected by Mann, as the property of Lavender, and the defendant received it as assets of the intestate's estate, and so returned it, in his inventory, the plaintiff cannot recover in this action. 2. To make the defendant liable to an action, it was necessary for the plaintiff to show, that he demanded the money of him, or that he had disclaimed a

liability to pay the same. Both these charges were refused, and the Court instructed the jury, that if the plaintiff agreed with Lavender for the purchase of the note, and the money thereon due, and the note was delivered to the plaintiff, and the defendant was informed before he received the money, that the plaintiff claimed it, then a special demand was not necessary, to entitle the latter to maintain the action, and to recover the money, and interest. The jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

W. H. GREEN, for the plaintiff in error, made the following points: 1. The defendant below received the money as an agent, or trustee, and a demand must have preceded the action. [Sally's adm'rs v. Capps, 1 Ala. Rep. N. S. 131; Stewart & Pratt v. Frazier, 5 id, 114.] 2. The money being received by the defendant, as administrator, and so returned in his inventory, the action cannot be supported. [Yarborough, use, &c. v. Wise, administrator, 5 Ala. Rep. 292.] 3. There was no privity of contract between the plaintiff and defendant, and the action if maintainable at all, should have been brought against him in his representative character. 4. As the money was collected for the defendant's intestate, he did right in receiving it; the plaintiff produced no evidence of his title to it, and by not demanding it after the receipt of it by the defendant, the latter might infer that he had abandoned all claim to it. 5. The plaintiff should have presented his demand to Lavender's administrator, as a creditor of the estate, and the defendant did not, by the receipt of money, become personally chargeable with the debt and interest. [Porter v. Nash, 1 Ala. Rep. 452.] 6. Even admitting that the note was delivered by Lavender to the plaintiff, the fair inference from the delivery by him to Mann, is, that he again became its proprietor.

R. H. SMITH, for the defendant in error, insisied—1. In the absence of direct proof, it is inferrable, that the note was transferred by Lavender to the plaintiff before suit brought. 2. Mann peremptorily refused to pay the money to the plaintiff, without reference to his right to it, saying he would pay none but Lavender's administrator. This rendered a further demand of Mann unnecessary. 3. The defendant retained the money, not as a bailee, but under a claim adverse to plaintiff's, and with a full

knowledge of it, and to maintain the action a demand was not necessary.   4.  If the money was received as assets, and had been so disposed of, and the estate of Lawrence was insolvent, or finally settled, perhaps the plaintiff would be remediless; but the facts do. not show such to be the predicament of this case.  5. The objection of a want of privity between plaintiff and defendant, cannot be supported; Mann might have been sued by the plaintiff, and the defendant is in the same situation, and liable to the same remedies.   If the defendant has been guilty of a tort, that may be waived and assumpsit maintained.   6.  There was no necessity for suing the defendant as administrator; if he did not receive the money wrongfully, his conversion was tortious. [2 Lomax Ex'rs, 273.]   7.  If the action can be surported, the right to recover interest necessarily follows.   [Porter v. Nash, 1 Ala. Rep. 452.]   The counsel also cited, Black v. Briggs, 6 Ala. Rep. 687; Stewart & Pratt v. Frazier, 5 Ala. Rep. 114.

COLLIER, C. J.—The action for money had and received, has been assimilated to a bill in equity ; and it is said, that whenever the defendant has received money, to which the plaintiff is in justice and equity entitled, the law implies a debt, and gives this action *quasi ex contractu.*   Hence it has been held, that the plaintiff is entitled to recover, where he can show, that the defendant has received money belonging to him under any fraud, or pretence,   [Cowp. Rep. 795 ; 2 Burr. Rep. 1008 ; 4 M. & S. Rep. 478 ; Bogart v. Nevins, 6 Sergt. & R. Rep. 369; Mowatt, et al. v. Wright, 1 Wend. Rep. 360 ; The Union Bank v. The U. S. Bank, 3 Mass. Rep. 74; Murphy v. Barron, 1 H. & Gill's 258; Tevis v. Brown, 3 J. J. Marsh. Rep. 175 ; Guthrie v. Hyatt, 1 Harr. Rep. 447.]   And there need be no privity of contract between the parties, in order to support the action, except that which results from one man having another's money, he has not a right, conscientiously, to retain.   [Eagle Bank v. Smith, 5 Conn. Rep. 71 ; Hall v. Marston, 17 Mass. Rep. 579 ; Mason v. Waite, id. 563.]

Where one receives money, to which a third person, whose agent he professes to be, has no right, and he have notice not to pay it over to him, an action for money had and received lies against such agent.   [Garland v. Salem Bank, 9 Mass. Rep. 408.] But if it is paid over, with intent to pass it to the credit of the

principal, before notice is given to the agent, in general, no action will lie against the latter for its recovery. [Frye v. Lockwood, 4 Cow. Rep. 454; Fowler v. Shearer, 7 Mass. Rep. 14; Pool v. Adkisson, 1 Dana's Rep. 117; Dickens v. Jones, 6 Yerger's Rep. 483; Elliott v. Swartwout, 10 Pet. Rep. 137; Edwards v. Hadding, 5 Taunt. 815; see also, 8 Taunt. Rep. 136; Cowp. Rep. 565; 3 M. & S. Rep. 344.]

So it is laid down generally, that the plaintiff may recover in any case where the defendant has, by fraud or deceit, received money belonging to him; for he may waive the tort, and rely upon the contract, which the law implies for him. [2 Starkie's Ev. 109, 110, and cases there cited.]

We will now consider the case in reference to the principles we have stated. It may be assumed that the note on Abbott became the property of the plaintiff, by the agreement between Lavender and himself; assumed, we say, because, whether such was the fact, was an inquiry which was submitted to the jury, and their verdict is an affirmation of its truth. This question being disposed of, it is clear that the plaintiff became entitled to the money collected on the note; and this although the action brought for its recovery, was in the name of Lavender, without indicating upon the record the plaintiffs interest. The money in the hands of Mann, was the property of the plaintiff, and his right to it was not divested by the payment of the defendant. If the latter had received it in his representative character, and it had been appropriated in the regular course of administration, before he received notice of the plaintiff's claim, then he would not have been liable, upon the principle, that an agent, who receives money in that character, is not answerable for it to a third person, if he has paid it over to his principal before he has notice of the adverse claim.

Here, the plaintiff not only demanded the money of Mann, but informed the defendant that it was his property, and he should claim it from him, if he received it. True, the defendant had not then administered, but he was about administering, and the remark was made to him in view of such a state of things. This was quite sufficient to protect the interest of the plaintiff, and should have induced the defendant not to treat the money as assets of his intestate's estate. Such an appropriation of it was a conversion, clearly manifesting a disregard of the plaintiff's claim, and amounted to a refusal to account with him.

It is a principle of law recognized by us, whenever the point has been made, that an agent who collects money, in the course of ·some lawful employment, is not liable to an action, until a demand has been made, or something equivalent has been done.   But the notice in the present case, and the appropriation of the money was equivalent to a demand, or, rather, showed a conversion of it, and a determination not to pay it to the plaintiff; and in such case the law holds a demand to be unnecessary.

In respect to the objection that the defendant should have been charged in his representative character, we think it is not well taken.   If an administrator becomes possessed of personal property, as a part of his intestate's estate, and after demand made, converts it, either to his own purposes, or in the course ·of administration, an action of trover will lie against him, *personally.* This rule is too well established to require the citation of authority to support it.   If the law were otherwise, and an administrator could only be charged in his fiduciary character, the rightful owner of a chattel might lose it, without remuneration, if the estate were insolvent.   The principle, in respect to a wrongful appropriation of money by an administrator, is precisely the same.

From this view, it results that the County Court did not misapprehend the law to the prejudice of the defendant below, and its judgment is therefore affirmed.