## BRANCH BANK AT MONTGOMERY *vs.* PARRISH.

1. When a person procures a note to be executed by others, whom he knows to be insolvent, for the purpose of getting it discounted at the Bank, and to be recommended to the Bank as a good note, by another person from the same county with the makers, who was in the habit of recommending notes to the Bank for discount, telling him that he intended to pay the note himself, and the note is discounted by the Bank, and the money paid to him, he is liable to the Bank in an action for money had and received, and an express promise to pay is unnecessary.

ERROR to the Circuit Court of Pike.
Tried before the Hon. George Goldthwaite.

THIS was an action of ASSUMPSIT, by the Branch Bank against Parrish. There was a special count, and the common counts for money *lent*, and money *had and received*.

There was evidence tending to show, that the defendant had procured three other persons, who were proved to be wholly insolvent at the time, and who were known to be so by the defendant, to make a note payable to the Branch Bank: that defendant took it to Montgomery, to get it discounted, and procured one Reeves, who was then a member of the legislature from the county of Pike, and in the habit of recommending notes to be offered to the Bank for discount, to recommend it as good, and defendant afterwards offered it to the Bank for discount. The note was discounted for five hundred dollars, and the money was paid to the defendant. Defendant told Reeves, at the time he requested him to recommend the note, and after he received the money, that he intended to pay the note.

The court charged the jury, that if the defendant procured the makers to make the note, and that it was discounted by plaintiff, on the recommendation of Reeves, procured by the defendant, he would not be liable in this form of action, unless he promised the *plaintiff* to pay the money.

Also, that if the jury believed the defendant did not promise the plaintiffs, a recovery could not be had against him, although they might believe that he did make such promise to Reeves, at the time he obtained his recommendation, and after he obtained the money.

To these charges defendant excepted, and now assigns them for error.

WILEY, for plaintiff in error.

BUFORD, *contra*.

PHELAN, J.—The defendant, if the facts stated in the bill of exceptions were true, was liable to the plaintiff in error, for "money had and received," upon an *implied assumpsit*, without any express promise whatever. If he, knowing that the makers of the note were utterly insolvent at the time, procured this note to be made by them, for the purpose of having the same discounted by the Bank as a good note, and for the same purpose procured it to be recommended by the member from the county, who was in the habit of recommending notes to the Bank for discount, and the note was discounted by the Bank under the influence of this fraud and deception, thus practiced upon it by defendant, and defendant received the money as the fruit of this fraud, he would be liable to an action for money had and received, at any moment when the fraud was discovered.

The action for money had and received is said to be a liberal and equitable action, and lies wherever, by the principles of natural justice and equity, the defendant ought to refund to the plaintiff his money, and there is no rule of policy or strict law to prevent him from so doing. 10 S. & R. 219, Irvine v. Harlon; Hitchcock v. Lukens & Son, 8 Por. 337; Stephens v. Badcock, 3 B. & A. 354.

When one person discounts for another, a forged navy bill, who passed it without knowing it to be forged, the money paid may be recovered back in this action. Jones v. Ryde, 1 Serg. & Low. 167; see, also, 5 Conn. 71, Eagle Bank v. Smith; 6 John. 110, Wilson v. Foree; Pope & Hickman v. Nance & Co. 1 Stewart, 354.

In Mason v. Waite, 17 Mass. 354, bank notes were entrusted to the care of a person who lost them at play. The action was for money had and received, and plaintiff recovered. The court say, in that case, there is no necessity of any privity of contract, to authorize this action. It is true, there need not be any agreement between the parties, to enable

the plaintiff to maintain this action, as many of the foregoing cases show, but then there must be a privity between the parties in the transaction out of which the action springs. It may arise from a *tort*, but a party may generally waive the *tort*, and sue as upon a contract; an *implied assumpsit*. Young v. Marshall, 8 Bingham, 53; 1 Stephens' Nisi Prius, 346.

The doctrine as to the necessity of privity between the parties when this action is used, is well discussed in a late case in Georgia, Whitehead v. Peck, 1 Kelly, 140, in which the court held, that where a surety had paid usurious interest to the creditor, and the principal had repaid it to his surety, that the principal could not sustain an action for money had and received against the creditor, for the usurious interest so paid to him.

In the case at bar, the defendant offered a note on persons wholly insolvent, and whom he knew to be so, to the Bank, for discount, which note he had procured to be made for this purpose, and which, to further his dishonest purpose, he procured Reeves to recommend as good, and obtained the money upon it. Under such a state of facts, the ownership of the money was not changed. It remained the property of the Bank during all the time, and an action for money had and received would well lie at any time. An action on the case would lie, or the Bank might waive the *tort*, and sue as upon an *implied* assumpsit for money had and received.

The charges of the court proceed upon the idea, that the Bank could not recover, unless the defendant had made an express promise to the plaintiff. This was not necessary, as has been shown.

The judgment below is reversed, and the cause remanded.