# Steiner Brothers v. Clisby.

*Action for Money had and received.*

1. *Action for money had and received; maintained for money obtained by fraud.*—Where money has been obtained by fraud, or has been taken in such a manner as to render the person taking it chargeable in an action *ex delicto*, the party defrauded, or from whom the money was taken, may waive the tort, and maintain an action for money had and received.

2. *Same; burden of proof.*—To maintain an action for money had and received, brought by one defrauded, the burden is on the plaintiff to show that he is rightfully and legally entitled to the money sued for; it is not enough to show that the defendant has no right to it.

3. *Same; no misjoinder of actions when complaint contains counts setting out transaction.*—Where a party defrauded of money waives the tort and brings an action of assumpsit, the complaint is not demurrable for misjoinder of actions, because it contains a count for money

had and received, and other counts alleging the facts of the fraudulent transaction which was the foundation of the suit.

4. *Principal and agent; liability of agent.*—An agent, employed for the performance of a particular service, is liable to his principal for a failure to exercise that reasonable skill and diligence which persons of ordinary prudence are accustomed to use about their own business affairs.

5. *Right of agent to maintain action for money had and received.*— Where in an action for money had and received, it is averred in the complaint that the plaintiffs, as agents, were induced, by the false and fraudulent representations of defendant, to purchase from defendant a note and mortgage for their principal, who, through plaintiffs, paid to defendant the amount agreed upon as the purchase price, and that when the note was not paid at maturity the principal became dissatisfied and demanded to be refunded by plaintiffs the money he had paid for said note, insisting that plaintiffs had transcended their authority as his agents, and that in accordance with such demand the plaintiffs repaid the said money to their principal, and the note and mortgage were assigned to them, the complaint shows no right in plaintiffs to maintain such action, and a demurrer thereto is properly sustained.

6. *Same.*—Where agents, with authority to purchase, are induced, by the false and fraudulent representations of another, to purchase from him a note and mortgage for their principal, and, the note not being paid at maturity, the agents refund to their principal the money paid therefor, and receive an assignment from him of the note and mortgage, this assignment does not give the agents the right to maintain an action for money had and received against the seller of said note and mortgage, though it may give them the right to maintain a suit on the note against the maker thereof.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This is an action for money had and received, brought by Steiner Brothers against A. A. Clisby; and, as originally filed, the complaint consisted of two common counts; the first, for money had and received for the use of the plaintiffs; and the second, for the use of M. L. & C. Ernst, with an averment that the claim was the property of the plaintiffs, having been transferred to them before the commencement of the suit. The suit was commenced on the 7th day of January, 1892. On the 6th of March, 1893, the plaintiffs amended their complaint by adding an additional count numbered three; and also by adding another count, numbered four, which was afterwards, by amendment, stricken from the file. The cause of action as set out in said third count, makes sub-

stantially the following case :   On or about the 19th of
February, 1889, the defendant, being the owner of a note
made by L. Clisby for $5,000, dated April 25th, 1887,
payable at one day after date, but extended for twelve
months, to the defendant's order, and of a mortgage ex-
ecuted to him by the said L. Clisby on a certain lot of
land in Birmingham, Ala., securing said note, copies of
which note and mortgage are made exhibits to the count,
offered said note and mortgage for sale to the plaintiffs,
as agents of M. L. & C. Ernst, and in order to induce
them to purchase the same, falsely and fraudulently made
certain representations to the plaintiffs touching the title
to said lot of land and the execution and existence of an-
other mortgage securing a larger amount than the value
of the lot thereon, the effect of which representations
was to induce the plaintiffs to believe, as they did be-
lieve, that the defendant's mortgage created a lien on
said lot prior to that created by the other mortgage ; and
that such representations were made by defendant with
knowledge that they were false, and with the deliberate
purpose of defrauding said M. L. & C. Ernst ; that plain-
tiffs, not knowing that said representations were false, but
believing the same, and being thereby induced so to do,
purchased said note and mortgage from defendant for
$5,000, "which amount was then and there paid to him
by plaintiffs, as agents as aforesaid, and received his in-
dorsement on said note without recourse upon him, all
of which was done for and on behalf of said M. L. & C.
Ernst ;" that at the time of the purchase of said note, the
same was utterly worthless, and the said L. Clisby was
insolvent ; and that said other mortgage above referred
to was in fact prior to the mortgage so sold; and that
when said note fell due, no part of the same was paid.
The count then proceeds :   "In consequence whereof,
said M. L. & C. Ernst became greatly dissatisfied, and
insisted that plaintiffs, who, as above stated, had acted
as their agents in making said transactions, should re-
fund said $5,000 to them and take said note and mort-
gage off their hands, and plaintiffs accordingly did, on
to-wit, the 4th day of September, 1889, repay to the said
M. L. & C. Ernst said sum of $5,000, with interest there-
on from the date of the purchase of said note, and the
said note and mortgage were thereupon delivered and as-
signed by said M. L. & C. Ernst to plaintiffs ; by means

whereof, the whole of said sum was lost to plaintiffs. And plaintiffs say that, prior to the commencement of this suit, on, to-wit, the 26th day of August, 1889, they brought suit against the said L. Clisby on said note in this court, and such proceedings were had in said cause that, on, to-wit, the 7th day of October, 1889, they obtained judgment against the defendant therein for the sum of $6,183.26, and cost, which is still unpaid; and, before the commencement of this suit, the plaintiffs offered to return said note and mortgage, and to transfer said judgment to the defendant in this cause, but he utterly refused to accept the same; and the plaintiffs now bring said note and mortgage into court, and also the record of said judgment, and offer to transfer said judgment to the defendant.''

On May 25, 1893, the plaintiffs further amended their complaint by adding a fifth count. This count is an exact copy of the third count up to, and including the words: ''In consequence whereof,'' near the end of said count, and at the beginning of the part thereof above quoted. In lieu of the averment commencing with said last above quoted words, and ending with the end of the count, said fifth count reads: ''In consequence whereof, the said M. L. & C. Ernst insisted that plaintiffs were legally responsible to them for any injury which they might sustain in the purchase of said note and mortgage; and plaintiffs, in compromise and settlement of said claim and demand, refunded to them the five thousand dollars which they had given for said note and mortgage, with interest thereon from the time of said purchase, and assumed to themselves the rights and responsibilities of said M. L. & C. Ernst arising out of said transaction; and the said note and mortgage were thereupon assigned and delivered by the said M. L. & C. Ernst to plaintiffs; by means of all which the defendant became and is liable to the plaintiffs as aforesaid.''

To the third and fifth counts the defendant demurred, setting forth 22 grounds of demurrer. These grounds of demurrer may be summarized as follows: (1.) That the averments fail to show that defendant ever had and received any money to and for the use of the plaintiffs. (2.) That it does not appear that the said M. L. & C. Ernst had, at or before the time when they delivered said note and mortgage to plaintiffs, elected to rescind said

trade, or had tendered back said note and mortgage to defendant, or had, in any way, offered to put defendant *in statu quo*; but, on the contrary each of said counts shows that the said M. L. & C. Ernst, by delivering said note and mortgage to plaintiffs, treated and used said note and mortgage as their own, and put it beyond their power to place defendant *in statu quo*. (3.) That it is shown in and by each of said counts, that, after the said M. L. & C. Ernst had discovered the alleged fraud and false and fraudulent representations, for a valuable consideration, they delivered said note and mortgage, so sold to them, to the plaintiffs, and thereby they elected to ratify and confirm said trade. (4.) Because it appears that the plaintiffs were mere volunteers in paying to the said M. L. & C. Ernst the said sum of $5,000, and, therefore, they have no cause of action against defendant. (5.) It appears that plaintiffs had knowledge or notice of the alleged fraud and representations before they paid to the said M. L. & C. Ernst said sum of money. (6.) No privity is shown between plaintiffs and defendant. (7.) It is not shown that the cause of action sued on belongs to plaintiffs. (8.) That it is not shown that the said contract of sale was ever rescinded. (9.) That said representations are alleged to have been made to the plaintiffs as agents for the said M. L. & C. Ernst, and not otherwise. (10.) That it is not shown that the money sued for, *ex equo et bono*, belongs to plaintiffs. (11.) That if a rescission is shown, such rescission is not shown to have been made within a reasonable time. The court sustained the demurrers to both of these counts. The plaintiffs were allowed to further amend by striking out the first, second, and fourth counts; and they moved to further amend by adding another count, numbered six. This count, after alleging the ownership in defendant of the note and mortgage mentioned in the other counts, proceeds: "And plaintiffs aver that on the 19th day of February, 1889, the defendant offered to sell said note and mortgage to the plaintiffs, or to any one from whom they had or could obtain authority to purchase; plaintiffs thereupon wrote to M. L. & C. Ernst, who were at that time engaged in business in Uniontown, Alabama, informing them of said offer, describing said note as given for $5,000, as purchase money of a two-story building on 2d

[Steiner Brothers v. Clisby.]

Avenue in the city of Birmingham. Whereupon the said M. L. & C. Ernst replied, authorizing them to purchase said note if the parties making it were the right sort of people to have dealings with, and provided that the property was clear and unencumbered, and worth more than the amount of the note : this was the only authority which plaintiffs had to purchase said note and mortgage for said M. L. & C. Ernst. Thereupon, on inquiry made of the defendant as to the title of said property, in order to induce the plaintiffs to purchase the same,'' the defendant made certain false and fraudulent representations, which are substantially as set forth in the 3d and 5th counts. It is also averred in this count that said representations were made ''with deliberate purpose of defrauding the plaintiffs and M. L. & C. Ernst.'' The count then proceeds : ''And plaintiffs say that, not knowing said representations to be false, but believing and having confidence in the same, and being thereby induced to do so, they purchased said note and mortgage from the said A. A. Clisby for and on behalf of the said M. L. & C. Ernst at and for the sum of five thousand dollars, which amount was then and there paid to him by plaintiffs as agents as aforesaid.'' Then follow averments of insolvency of the maker, worthlessness of the note and mortgage, and falsity of representations, substantially as in the other counts. The count then proceeds : ''And plaintiffs say that the said M. L. & C. Ernst, not knowing of the falsity of said representations, or of the making of the same, or the worthlessness of said note and mortgage, or that the same was not a first or prior lien on said property, accepted the same from the plaintiffs. When said note fell due, no part of the same was paid, and soon thereafter the plaintiffs and the said M. L. & C. Ernst were informed for the first time of the fraud which had been committed upon plaintiffs and them as above set forth, and thereupon repudiated said transaction, insisting that plaintiffs had exceeded their authority ; and that the plaintiffs were legally responsible to them for the loss sustained by them in said transaction. And plaintiffs, having been induced by said fraudulent representations to exceed their authority as agents aforesaid, and having thereby become responsible to the said M. L. & C. Ernst on account of said transaction, paid to them, in settle-

ment of their said claim, the sum of five thousad dollars, with interest thereon from the time of said sale. And thereupon, and in consideration thereof, said note and mortgage were assigned and delivered by said M. L. & C. Ernst to the plaintiffs, by means whereof, the defendant became and is liable to the plaintiffs as aforesaid."

The defendant objected to the allowance of the additional count of the complaint as amended, upon the following grounds : 1. Said count is a departure from the case made by the other counts of the complaint. 2. Said count is in tort, and constitutes a misjoinder of causes of action. 3. Said count seeks to recover as in assump-sit for an alleged deceit practiced by the defendant upon the plaintiffs. 4. It is not alleged or shown that the plaintiffs ever became or were liable to M. L. & C. Ernst by reason of their agency. 5. It is shown by said count that, after the discovery of the facts constituting the alleged fraud, the said M. L. & C. Ernst elected to treat the note and mortgage as their own, and sold and delivered the same to plaintiffs. 6. It is not alleged or shown by said count that the contract of sale of the note and mortgage has ever been rescinded by M. L. & C. Ernst, or that any offer has been made to do so. 7. That said count shows no cause of action in favor of the plaintiffs against the defendant. The court overruled the said motion of the plaintiffs and refused to allow them to amend the complaint by adding a sixth count, and to this ruling the plaintiffs duly excepted.

The plaintiffs having stricken out the 1, 2, and 4 counts of the complaint, and the demurrers to the 3 and 5 counts of the complaint having been sustained, the plaintiffs declined to further amend their complaint, or to plead further, and judgment was thereupon rendered for the defendant. The present appeal is prosecuted by the plaintiffs, who assign as error the sustaining of the demurrers to the 3 and 5 counts, the refusal of the court to allow the amendment by the addition of the sixth count, and the rendition of judgment for the defendant.

WHITE & HOWZE, for appellants.—The plaintiffs had a right to maintain an action for money had and received. They could waive the tort and sue in assumpsit for being defrauded of the money.—2 Greenl. on Evidence, § 120 ; *McConnel v. Delaware,* 18 Ill. 229 ; *Johnson v. Con.*

[Steiner Brothers v. Clisby.]

*Ins. Co.*, 39 Mich. 33; *Magoffin v. Muldrow*, 12 Mo. 512; *Walker v. Coleman*, 81 Ill. 390; *Causidere v. Beers*, 1 Abb. App. 333; *Lett v. Martindale*, 36 Eng. Law. & Eq. 424; *Bliss v. Thompson*, 4 Mass. 488; *Howe v. Clancey*, 53 Me. 130; *Houston v. Frazier*, 8 Ala. 81; *Bank v. Parrish*, 20 Ala. 433.

The complaint shows a good cause of action in favor of the Ernsts against the defendant for the money which he fraudulently obtained from their agents, the plaintiffs, prior to the re-payment of the money to the Ernsts by the plaintiffs. After the money was refunded by the plaintiffs to their principal, they had the right to maintain the present suit.—*Barnett v. Warren*, 82 Ala. 558; *Harper v. Claxton*, 62 Ala. 46.

The sixth count of the complaint sets forth a good cause of action, and should have been allowed as an amendment to the complaint. An agent may sue in his own name, when he has an interest in the subject matter of the suit, or is liable to his principal.—*Tompkies v. Reynolds*, 17 Ala. 109; *Bryan v. Wilson*, 27 Ala. 208. If the agent pays money for his principal, by mistake or otherwise, which he ought not to have paid, the agent, as well as the principal, may maintain an action to recover it.—Story on Agency, § 398; *Stevenson v. Mortimer*, Cowper's Rep. 806; *Bickerton v. Burrell*, 5 Maul. & Selw. 383; Paley on Agency, by Lloyd, 362.

But the plaintiffs were liable to Ernst Brothers for another reason. They were not authorized to purchase the property unless it was clear and unencumbered; these were their express instructions. The duty to obtain a good title did not arise out of their general authority to buy. They had no discretion in the premises, and were bound to follow the exact instructions of their principal and were liable if they failed to do so:—*Wilson v. Wilson*, 26 Pa. St. 393; *Whitney v. Merchants, &c.*, 104 Mass. 152, 6 Amer. Rep. 207; *Blain v. Proudfit*, 2 Amer. Dec. 546; *Coker v. Ropes*, 125 Mass. 577; *Robinson v. Vorse*, 52 Iowa, 207; *Henry v. Allen*, 93 Ala. 197; *Brown v. Freeman*, 79 Ala. 406; *Eagan v. Johnson*, 82 Ala. 233.

LONDON & TILLMAN, *contra.*—No reversible error is committed in refusing to allow an amendment to a complaint: (1.) If, when filed, a demurrer properly framed would be sustained thereto.—*Beavers v. Hardie*, 59 Ala.

[Steiner Brothers v. Clisby.]

570.  (2) When the amendment, if allowed, would cause
a misjoinder of counts.—*Wilson v. Stewart*, 69 Ala. 302.
(3.) And when the amendment offered fails to present
a cause of action, not fully covered by the original com-
plaint; and this because the refusal to allow the amend-
ment can not work injustice.—*Smith v. Fellows*, 58 Ala.
467.

The count, number six, offered as an amendment was
demurrable.  It shows that the plaintiffs, in making the
purchase of the note and mortgage, acted, not for them-
selves, but as agents of M. L. and C. Ernst.  ''No one
has a right to accept and rely upon the representations
of others but those to influence whose action they were
made.  *  *  *  Therefore, one may even be the person
to whom the false representations are made, and yet be
entitled to no remedy, if they were made to him as agent
for another, and to affect the action of the other, and
were not intended to influence his own action.''—Cooley
on Torts, pp. 493–94; *Wells v. Cook*, 16 Ohio (N. S.) 67,
s. c. 88 Amer. Dec. 436; 1 Bigelow on Frauds, 545.

A purchaser of personal property, induced to make
the purchase by false representations, has, at least, two
remedies at law; he may affirm the contract and sue in
deceit for damages, or he may elect to rescind the trade
and sue to recover back the purchase money paid.
Steiner Brothers, having brought assumpsit to recover
back the purchase money paid, must show a timely rescis-
sion of the contract of sale.  If they fail in this, they
must be cast.  The sixth count not only fails to show an
election to rescind by M. L. & C. Ernst, but affirmatively
shows an affirmance of the contract by an assignment
by them of the note and mortgage to Steiner Bros. after
a discovery of the fraud.—Cooley on Torts, pp. 503-4;
1 Bigelow on Fraud, pp. 436, *et seq.; Hoadley v. House* 76
Amer. Dec. 167, s. c. 32 Vt. 179; *Dennis v. Jones*, 6
Amer. St. Rep. 899, s. c. 44 N. J. Eq. 513; *Dill v. Camp*,
22 Ala. 258; *Barnett v. Stanton*, 2 Ala. 189; *Burton v. Stew-
art*, 3 Wend. 236; *Parker v. Palmer*, 4 B. & A. 387; *Lock-
wood v. Fitts*, 90 Ala. 154-5; *Ex parte Briggs*, 1 Eq. L.
R. 483; *Davis v. Dickey*, 23 Ala. 848; *Jenison v. Woodruff*,
34 Ala. 143; *Young v. Arntz*, 86 Ala. 116; *Grymes v. San-
ders*, 93 U. S. 62, and authorities there cited; Chitty
on Contracts, 938; *Campbell v. Fleming*, 1 A. & E. 40;
*Treat v. Orono*, 26 Me. 217.

[Steiner Brothers v. Clisby.]

M. L. & C. Ernst having assigned the note and mortgage to the plaintiffs, after discovery of the alleged fraud, thereby elected to affirm the contract; and that election is conclusive upon them. An election once made is made forever.—*Ins. Co. v. Cochran*, 27 Ala. 228; *Kenney v. Kiernan*, 49 N. Y. 164; 1 Bigelow on Fraud, 65, 436; *Kennedy v. Thorp*, 51 N. Y. 174; *Grymes v. Sanders*, 93 U. S. 62; *Rugan v. Sabin*, 53 Fed. Rep. 415; *Callaghan v. Hewkes*, 121 Mass. 298; *Bassett v. Brown*, 105 Mass. 559; *Lehman v. Van Winkle*, 92 Ala. 443; *Dennis v. Jones*, 6 Amer. St. Rep. 899, s. c. 44 N. J. Eq. 513.

M. L. & C. Ernst, having obtained $5,000 from plaintiffs upon an assignment of the note and mortgage to the latter, thereby received a benefit from the note and mortgage; and, for this reason, an action for money had and received will not lie.—*Taylor v. Hare*, 1 New Rep. 260; *Davis v. Bryan*, 6 B. & C. 651.

M. L. & C. Ernst, having treated the note and mortgage as their own, after a discovery of the fraud, could not recover in this action, nor can Steiner Brothers.—*Bassett v. Brown*, 105 Mass. 559; *Downer v. Smith*, 76 Amer, Dec. 148; 2 Chitty on Contracts, p. 938; *Grymes v. Sanders*, 93 U. S. 62; *Campbell v. Fleming*, 1 A. & E. 40, s. c. 28 Eng. Com. Law, p. 44; *Treat v. Orono*, 26 Me. 217.

No privity, express or implied, is shown between plaintiffs and defendant; and, therefore, the count offered was demurrable.—*Branch Bank v. Parrish*, 20 Ala. 434; *Waller v. Drakeford*, 2 Eng. Com. Law, 476; *Wharton v. Walker*, 10 Eng. Com. Law, 302; *Stephens v. Badcock*, 23 Eng. Com. Law, 93; *Sims v. Brittain*, 24 Eng. Com. Law, 78; *Houston v. Frazier*, 8 Ala. 81; *Thompson v. Merriman*, 15 Ala. 166; *Hitchcock v. Lukens*, 8 Port. 333; *Huckabee v. May*, 14 Ala. 263; 2 Greenl. on Ev., § 117.

It is not enough to show that defendant has money he can not rightfully retain; the plaintiffs must go further and show that of right he is legally entitled to it.—*Hungerford v. Moore*, 65 Ala. 232; *M & M. R. R. Co. v. Felrath*, 67 Ala. 189.

HARALSON, J.—1. It is well understood, everywhere, that the action for mony had and received is a liberal and equitable action, and on principles of natural justice and equity will be supported, when the defendant has received money, which in good conscience he ought

not to retain, and which, *ex equo et bono*, belongs to the plaintiff. The law implies a promise that he will pay it; and the only privity between the parties that need be shown in such an action, arises from this promise implied by law, that the defendant, having in his hands money which belongs to the plaintiff, will pay it over to him.—*Boyett v. Potter*, 80 Ala. 479; *Levinshon v. Edwards*, 79 Ala. 294; *Harper v. Claxton*, 62 Ala. 46; *Booker v. Jones*, 55 Ala. 275; *Branch Bank v. Parrish*, 20 Ala. 434; *Thompson v. Merriman*, 15 Ala. 168; *Houston v. Frazier*, 8 Ala. 84; 1 Brick. Dig., 140, § 73; *Mason v. Waite*, 17 Mass. 562.

2. The question often arises, and does in this case, whether money obtained by fraud, and to recover which an action on the case would be an appropriate form of action, may be recovered in an action for money had and received. Mr. Greenleaf, from whose conclusion there seems to be but little, if any, dissent in the authorities, states the doctrine to be, that, "The count for money had and received may also be supported by evidence, that the defendant obtained the plaintiff's money *by fraud*, or false color or pretense." And after giving illustration of the rule he adds: "So, if the money of the plaintiff has, in any other manner, come to the defendant's hands, for which he would be chargeable in tort, the plaintiff may waive the tort, and bring assumpsit on the common counts. But this rule must be taken with this qualification: that the defendant is not thereby to be deprived of any benefit, which he could have derived under the appropriate form of action in tort."—2 Greenl. on Ev., § 120. Mr. Starkie states the principle to the same effect as follows: "So the plaintiff may recover in any case where the defendant has by fraud or deceit received money belonging to the plaintiff; for he may waive the tort and rely upon the contract which the law implies for him."—*Houston v. Frazier*, 8 Ala. 85; *Branch Bank v. Parrish*, 20 Ala. 434; *Russell v. Little*, 28 Ala. 160. In *Burton v. Driggs*, 20 Wall. (U. S.) 125, in speaking of one who has been overreached and deprived of his money by fraud and false pretenses, the court held, that the person thus defrauded, may recover his money in assumpsit, on a declaration containing special counts setting out the instrument as inducement, and averring the utter falsity of its recitations and the fraud of the whole

transaction—the declaration containing also the common counts.

3. In the application of the foregoing principle, however, it is not enough to show that the defendant has money he can not conscientiously retain, but the plaintiff must go further and show, that of right he is entitled to it. It will be observed, that in all the authorities referred to, the party defrauded, the one whose money had been obtained and was withheld by the defendant, was the party to maintain the action. In the extract from Greenleaf, it was *"the money of the plaintiff,"* and in the one from Starkie, it was the *"money belonging to the plaintiff,"* that was referred to as being recoverable by him, and so it was, in the cases cited—the obligation, in each instance, being on the defendant *to refund to the plaintiff his money,* and not another's. If the false representation is made to A. to induce him to part with his money, and he does so, A. must sue ; but, if made to him to induce B. to part with his, and B. is induced thereby to do so, he, and not A., is the party injured, who may maintain the action.

In *Wells v. Cook,* 16 Ohio St. 67, s. c. 88 Am. Dec. 436, it was held, that the one who has been damaged by acting on false and fraudulent representations made to him as agent of another, but not intended to be acted on by him, has no action for deceit against the party making the representations. The court in that case say : "We are satisfied that one of the prescribed limits is this : that the false and fraudulent representations must have been intended to be acted on, in a manner affecting himself, by the party who seeks redress for the consequential injuries."

In *Hungerford v. Moore,* 65 Ala. 232, it was said : "The theory of the suit is, that the defendant received the money, when, *ex equo et bono,* it belonged to the plaintiffs. In such case, the burden is on the plaintiffs to show that *they* are legally entitled to the money, and it is not enough to show that defendant has no right to it. If neither party is entitled to the money, neither can recover from the other."—*Mobile & M. R. R. Co. v. Felrath,* 67 Ala. 189.

4. An agent, who undertakes to represent another in the performance of a service, is understood to contract for reasonable skill and ordinary diligence—that degree

of diligence which persons of common prudence are accustomed to use about their own business and affairs—and is, consequently, liable to his employer for the want of these.—Story on Agency, § 183; Mechem on Agency, § 494; 1 Amer. & Eng. Encyc. of Law, 371.

5. In applying what has been above said to this case, it would seem to follow, that if the plaintiffs have any right, growing out of the alleged transaction between them, acting as the agents of M. L. & C. Ernst, and the defendant, to give them cause of action in case against defendant, they might waive the tort and maintain assumpsit as well. There is no objection, therefore, to the mere form of this action; the party aggrieved could maintain either assumpsit or case. Nor are the counts liable to demurrer for a misjoinder of counts. They are all in assumpsit, and not in case.

6. In neither count we have before us is it pretended that plaintiffs did more in the transaction, than to act as the agents of said Ernsts. In the 3d and 5th counts, the allegations as to agency are the same, that "On the 19th day of February, 1889, the plaintiffs were the agents of M. L. and C. Ernst, and defendant offered said note and mortgage for sale to the plaintiffs as agents as aforesaid, and in order to induce them [as agents] to purchase the same, falsely and fraudently" made to them the representations that induced them to do so. In the 6th count which was offered by way of amendment and rejected, it is expressly stated, that the defendant made the proposition to sell said note and mortgage to the plaintiffs, or to any one from whom they had or could obtain authority to purchase them, and that plaintiffs, induced thereto by defendant's false representations, "purchased said note and mortgage of defendant for and on behalf of the said M. L. and C. Ernst, at and for the sum of $5,000, which amount was then and there paid to him by plaintiffs as agents as aforesaid." These allegations show with certainty, that the plaintiffs were not representing themselves in that transaction, but the said Ernsts, as the agents of the latter, and defendant knew that fact, and made whatever representations he did to them, to induce them as agents to buy. What right, therefore, has plaintiffs to maintain this action? The 3d count puts this right upon the ground, that the Ernsts—when said note fell due and was not paid—"be-

13

came greatly dissatisfied and insisted that plaintiffs, who had acted as their agents in making said transaction should refund said $5,000 to them and take said note and mortgage off their hands, and plaintiffs accordingly did, on, to-wit, the 4th day of September, 1889, repay to said M. L. and C. Ernst with interest thereon from the date of the purchase of said note, and the said note and mortgage were thereupon delivered and assigned by said M. L. & C. Ernst to plaintiffs.''

In the 5th it is stated as follows: ''In consequence whereof [the non-payment of said note] the said M. L. & C. Ernst insisted that plaintiffs were legally responsible to them for any injury which they might sustain in the purchase of said note and mortgage, and plaintiffs, in compromise and settlement of said claim and demand, refunded to them the $5,000 they had given for said note and mortgage,   *   *   *   and the said note and mortgage were thereupon assigned and delivered by the said M. L. and C. Ernst to plaintiffs.''   In the 6th it is stated in this manner: that said Ernsts had authorized plaintiffs to purchase said note, if the parties making it were the right sort of people to have dealings with, and provided the property was clear and unencumbered and worth more than the amount of the note; and when they were informed of the fraud which had been committed upon them and plaintiffs, they repudiated said transaction, insisting that plaintiffs had exceeded their authority, and that plaintiffs were legally responsible to them for the loss sustained by them in said transaction; and plaintiffs having been induced by said fraudulent representations to exceed their authority as agents aforesaid, and having thereby become responsible to said Ernsts on account of said transaction, paid to them in settlement of their said claim the said sum of $5,000 and interest thereon, and thereupon said note and mortgage were assigned and delivered by the Ernsts to plaintiffs, by means whereof the defendant became and is liable to the plaintiffs.

7.    The legal effect of these averments is, that the plaintiffs,—because of dissatisfaction on the part of their principals, and because they insisted that plaintiffs had exceeded their authority as agents,—purchased the note and mortgage in question from them.   Their liability to their principals is assumed, and averred as a legal con-

clusion. But, from the facts stated, it does not appear that the plaintiffs did transcend their authority. They were authorized, certainly, to make the investment for their principals. If they failed to act with ordinary, rea-·sonable skill and diligence in their representation of their friends, it is not averred. To test the liability of the plaintiffs to the parties they represented, on the allegations as we find them in this complaint, we have but to suppose that their principals had instituted suit against them, to recover this money, setting up the facts of this complaint, without more, and to ask, if they could recover? Clearly, on these averments alone, and in the absence of others showing fraud on their part, or negligence in the discharge of their duties as agents, the plaintiffs, in such a case, would have no standing. There is not only an absence of such essential averments of liability on the part of plaintiffs, but such a thing as fraud or collusion on their part is expressly negatived, and according to the allegations of this complaint, they were simply overreached and defrauded in a way that did not make them liable to their principals. Authorities *supra*.

8. If the plaintiffs were under no legal obligations to pay this demand of the Ernsts, and the defendant made no request for them to pay it, they could not make him their debtor merely by paying it.—1 Brick. Dig., 143, § 120. But, if defendant owed the amount to the Ernsts, and it were true that plaintiffs were under legal obligations to pay it to them and did so, they became the equitable owners of the debt and entitled to enforce its payment to them.—*Rather v. Young*, 56 Ala. 96, and authorities there cited. They have shown no such liability on their part, from any thing averred in this complaint, and they occupy, in paying it, the position of volunteers.

9. The only other ground upon which the plaintiffs can rest their right to maintain this suit is upon the averment that the note and mortgage were assigned to them by said Ernsts, in consideration of their having paid them the amount owing to them by defendant, or in other words, that they became the purchasers of said note and mortgage, which were assigned to them. But, there is a vast difference between said note and mortgage, and the cause of action on which this suit is founded. The two are separate and distinct,—the obligations implied in each being from different individuals. The plain-

[Tippins v. Peters.]

tiffs, by virtue of their purchase and ownership of the former, may have the right to enforce them, and they did sue on and obtain a judgment on the note, against L. Clisby, its maker; but the ownership of the note and mortgage and their right to enforce the same, gave them no ownership of and right to enforce the cause of action on which this suit is instituted. There is no averment in any of the counts, that plaintiffs purchased and became the owners of Ernsts' cause of action against defendant for the money he is said to have in hand belonging to them.

10. Enough has been said, without noticing other of the many grounds covered in the argument of counsel, to make it appear, that the plaintiffs have not presented in the complaint, and in the amendment which was proposed and not allowed, a cause of action which they can maintain against the defendant. The city court did not err in sustaining the demurrers to the 3d and 5th counts, and in not allowing the 6th to be filed.

Affirmed.