(85 South. 846)

LOUISVILLE & N. R. CO. v. CAMODY.

(8 Div. 547.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

1. CARRIERS ⬤═202—EVIDENCE THAT DELAY WAS PLAINTIFF'S FAULT IMPROPERLY EXCLUDED IN SUIT FOR DEMURRAGE EXACTED.

In an action against a carrier to recover demurrage charges exacted on lumber shipped, it was error to exclude evidence by defendant that the delay in the delivery of the lumber on which the charges were founded was the result of tortious or unlawful conduct of plaintiff.

2. CARRIERS ⬤═202—EVIDENCE HELD ADMISSIBLE IN ACTION TO RECOVER DEMURRAGE CHARGES PAID.

In a shipper's action against a carrier to recover demurrage charges exacted on a shipment of lumber, defendant was entitled to prove the number of cars and the length of the delay in the delivery of the lumber to the consignee, caused by the wrongful act of plaintiff, and also the reasonableness of the demurrage charges.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by M. C. Camody against the Louisville & Nashville Railroad Company, to recover demurrage. Judgment for plaintiff was reversed (82 South. 648[1]), and on certiorari to the Supreme Court the judgment of the Court of Appeals was reversed, and the cause remanded, with instructions (84 South. 824[2]). Reversed and remanded in conformity to the opinion of the Supreme Court.

Eyster & Eyster, of Albany, for appellant.

Counsel discuss the errors assigned on the original hearing, with citation of authority, but they cite no authority on the propositions as cited by the court.

G. O. Chenault, of Albany, for appellee.

Defendant was clearly not entitled to demurrage. 4 R. C. L. 317, 326; section 5614, Code 1907; 13 Cyc. 70.

PER CURIAM. [1, 2] On the trial of this case the appellant offered to prove that the delay in the delivery of the lumber on which demurrage charges were founded was the result of the tortious or unlawful conduct of the plaintiff. The court declined to permit this proof, and this, in our opinion, was error, for the reason that it shows fault on the part of the plaintiff and therefore clearly within the principle announced by the Supreme Court in its opinion in this case. Furthermore, appellant was entitled to prove the number of cars, and the length of the delay in the delivery of the lumber to the consignee caused by the wrongful act of the plaintiff, and also that the demurrage charge at Cincinnati was reasonable.

We do not understand that the opinion of the Supreme Court in this case decides either of these questions. The granting of the certiorari by that court appears to have proceeded solely upon the proposition that this court erred in holding that appellant had the right to refuse to deliver the lumber unless the appellee should have given an indemnifying bond. Therefore the following expression in the original opinion of this court, to wit (ante, p. 158, 82 South. 648):

"Yet it was under no duty or obligation to deliver the lumber to plaintiff's consignee upon its offer to pay the freight without satisfactory indemnity"

—is modified to meet the opinion of the Supreme Court in this case.

For the errors in the ruling of the court on these questions, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.