Read, J.
Out of abundant caution twenty-nine errors have been assigned in this case. All that are material to be considered will come under one of the following heads:
I. Lack of proper parties.
II. Want of due notice and proof of publication, to bring the respondents into court.
III. Want of proof to sustain the decree.
*65 Before considering these points it may be remarked that if the facts set forth in the bill are true, and the proper parties were before the court, the decree was properly rendered.
1. It is claimed that the personal representative of Gary should have been made a party. Gary died in Yirginia and had no personal representative in Ohio. If necessary, one might have been appointed. But in this case the heirs only, and not the personal representative, had an interest in the land sought to be subjected. It is true that where the realty is charged with incumbrances which should be discharged out of the personal estate, and suit is brought to enforce payment out of the realty, the heir has the right to demand that the personal representative should bo made a party to such proceeding to determine the question of assets, which should be first applied. But when the realty is primarily liable and the creditor is authorized to look directly to that, it is only necessary to make the heir, or real representative, a party.
In this case, a deed of trust was executed to Jones *with authority to sell the land thus conveyed to protect Boisseau, security for Gary in the sum of $4,000 to the Bank of Yirginia. This is a trust coupled with an interest. If Gary did not pay this debt, Boisseau, the cestui que trust, was authorized to direct Jones, the trustee, to sell the land in such manner as he might deem expedient to raise money for its discharge. The land, by the express terms of the deed of trust, was the fund out of which the debt was to be discharged. Boisseau was not bound to look elsewhere, nor could the hei r compel him to seek satisfaction out of the personal assets of Gray. By the terms of the deed, Boisseau had the right to demand a sale of the land on failure of Gary to pay, and direct the proceeds to be applied to discharge the debt of the bank. Without having first discharged such debt himself, under these circumstances, he would have had no claim against the personal assets, and it would not be contended that if he had filed a bill to compel an execution of the trust, before he had paid the debt to the bank, that he could properly have made the personal representative a party. Indeed, under no circumstances was Boisseau compelled to look for indemnity to any other source than the land thus conveyed in trust. Hence, it was not necessary, and would not have been proper, to have made the personal representative a party in a suit, brought to subject the land merely. But it is contended that the personal representative *66 should have been made a party, because perhaps, he had discharged the debt in whole or in part, out of the personal assets. If such had been the fact, the heir might have shown such payment, in whole or in part, to discharge the trust wholly or pro tanto. That is mere payment, and the evidence of it could be produced, as well by the heir as the administrator. But it is said if an administrator had been appointed in Ohio, he must have had notice, and in the rightful discharge of his duty, must have had communication with the administrator in Virginia, which would have brought home to the absent1 parties, actual notice of the pendency of this suit. This reasoning is not valid, ^because if the administrator was not a necessary party, from the nature of the interest involved in litigation, the law neither directs nor permits the appointment of an administrator, and the making him a party to a suit, for the purpose of more certainly bringing homo notice of its pendency to absent parties.
But it is assigned for error that Boisseau was not a party. Gary died insolvent, without having paid the debt, and left Boissoau, his security, to pay it as ho best might. Boisseau gave a new note to the bank, with his brother, Peter F. Boisseau, and May, the complainant, as indorsers. Boisseau became insolvent; his brother was discharged for want of proper notice to charge him as indorser, and the whole debt fell upon May, the complainant in the original bill. May discharged this debt, which was about $5;000.
Boisseau had assigned to him, as indemnity, his entire interest in the deed of trust to Jones. Boisseau thus parted with his entire interest in said trust, and May paid the whole debt, for which Boisseau was liable to the Bank of Virginia. Why then should Boisseau be made a party to a proceeding instituted by May to 'indemnify himself out of the proceeds of the sale of the land, by enforcing the trust? Boisseau had no interest in the matter, further than that May should be paid out of the land. This would discharge Boisseau from any liability to May, his accommodation indorser. Now, it appears from the record, that Boisseau was •insolvent; that May paid the debt; and that Boisseau had assigned to him his entire interest in the deed of trust. What, then, is there in all this that would require Boisseau to be made a party in a proceeding to sell these lands? It is said that there were ■certain contingencies, upon which the right to sell depended ; such *67 as that Gary must have failed to pay, etc. It is sufficient to say, upon this point, that all the contingencies have happened in the fact that all failed to pay the debt who were originally bound, and that it has been discharged in full by May, and he is the only party directly interested in enforcing indemnity to himself out of the land. But it is urged that ^perhaps' Boisseau has paid May, and therefore has an interest in the trust fund, and hence should be made a party. The record shows that Boisseau was insolvent, and that May paid the whole debt, and that no part of it had been refunded to him. Hence, Boisseau had no interest whatever under this trust deed, and it was not necessary to make him a party. He had assigned his whole interest to May. The case of Johnson v. Hart, referred to in 3 Johnson’s Cases, is not like the present. There Hart took an assignment of a note and mortgage for a larger sum, to secure the payment of a less sum; hence, Johnson was entitled to the surplus, and was a necessary party.
It is said that the widow of Gary should have been made a party, as she has a dower interest in the land. It is sufficient answer to that, that if she has such dower, it is not affected by this decree, and she is at full liberty to file her bill to have dower assigned, or to pursue any other interest she may have. It is not necessary to open up this decree to permit her to pursue her equity.
We find, then, no want of proper parties.
2. As to notice arid proof of publication. There is proof of publication ; but it is contended that the notice itself is not sufficiently full and accurate. * We regard it sufficient under the statute. It certainly contains a “summary statement of the object and prayer” of the bill, sufficient to put the respondents upon inquiry, and advises them as to what interest of theirs is sought to be affected by'the proceeding.
3. As to the proofs upon which the decree was rendered. The bill was taken as confessed, the trust deed exhibited, and the cause referred to a master to take an account. The report was made and confirmed by the court. We are not advised upon what evidence the master made up his report. But the amount was found by the master, and decreed by the court. It was the duty of the court,—and the presumption is that the court performed its duty —not to render a decree except on satisfactory testimony. At all events, we are not disposed to inquire, upon bill of review, into *68 all the *small details of practice. Unless it appear from the record that error has been committed, wo will not presume it.
It is urged as error that taxes paid by May upon the land have been allowed when not claimed in the bill. A claim for taxes paid is made in the bill. But, at all events, taxes are a lien upon the land, which are entitled to be discharged out of the proceeds of sale, whether specified in the bill or not.
It is argued that the original debt is barred by the statute of limitations, and therefore that equity, in analogy to the law, will not enforce the trust deed executed as indemnity. The deed itself is valid, and in full force. The right to enforce it is perfect. The cestui que trust lias paid the money for which it was executed as 'an indemnity. But it is said that, because at law he could not sue for and recover-the money which he has paid for the use of another, a court of chancery will not enforce his equitable rights. This is a most unreasonable defense, and without foundation in a court of equity. The statute bars the debt at law, from the nature of the evidence to support it. But, as cestui que trust, he has an equitable interest in lands conveyed in trust as an indemnity, and it is contended that the trust will not be enforced because an action is barred at law by the statute of limitations. It has been held in Connecticut, that where there are two securities for the same debt, the one of which is barred at law, and the other not, the latter may be pursued in a court of equity. Equity will not deprive a cestui que trust oi rights which have attached under a trust deed, because such interest could not bo pursued in a court of law in consequence of the statute of limitations. To do so, would be to compel a cestui que trust to yield up an interest held as indemnity, without satisfaction, and would dejirive him of an equity which controls the legal estate, to confer it upon another without consideration.
But if the respondents had a defense to the bill upon this or any other gi’ound, they should have appeared and applied to have had the decree opened up under the statute. All %e look to, upon bill of review, is to ascertain whether there is error in the record. It is no ground to support a bill of review, that a good defense might have been made, but was neglected.
So far as appears from the record in this ease, we have not been able to detect any error which would authorize a reversal of the decree. Demurrer sustained and bill dismissed.