## Case No. 17,170.

### WARE v. BROWN.

[2 Bond. 267.] [1]

Circuit Court, S. D. Ohio. April Term, 1869.

TORTS — ASSIGNABILITY OF CAUSE OF ACTION — FALSE CERTIFICATE OF NOTARY PUBLIC TO DEED.

1. A right of action for a tort is not assignable by operation of law or otherwise; and an action for damages resulting from a tort, can only be sustained by the person directly injured thereby, and not by one alleging a collateral or resulting injury.

2. No right of action exists against a notary public for an alleged official malfeasance, in corruptly and falsely certifying to the execution and acknowledgment of an assignment of an interest in real estate in favor of a purchaser under such fraudulent assignment, for damages resulting from his defective title, arising from the malfeasance of the notary public.

[Cited in Eslava v. Jones, 83 Ala. 139, 3 South. 318.]

3. The redress for the malfeasance of the notary can only be obtained by the person to whom the fraudulent assignment was made, and whose title was thereby invalidated.

[This was an action for damages by John H. Ware against Henry T. Brown. Heard on demurrer to the declaration.]

W. H. Mackoy, for plaintiff.

Hoadly, Jackson & Johnson, for defendant.

LEAVITT, District Judge. The question before the court is presented on a demurrer to the declaration. The declaration is of great length and very special. Briefly stated, it is substantially as follows: One Cochran had a leasehold interest in an acre of land, for oil purposes, in West Virginia, and sold and assigned an interest of three-fifths of his leasehold interest to three persons—Stimson, Stein, and Love; these persons, by deed, sold and assigned the entire leasehold interest in the land to one Buffington, the said Cochran not joining in, or being a party to, the deed of assignment; this deed or instrument, with the name and seal of Cochran and the other parties, was presented to the defendant Brown, an acting no-

---

[2] [See act of Maine respecting assessment of taxes (2 Laws Me. 1821, c. 116, § 12).]

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

tary public of Athens county, Ohio, for his official certificate of the acknowledgment of the due execution of the same. It is then averred that the defendant, knowingly, falsely, and corruptly, under his notarial seal, certified that all the parties to the deed of assignment, including the said Cochran, personally appeared before him, and acknowledged the signing and sealing thereof; and that defendant subscribed his name thereto, as an attesting witness of its execution by all the parties, knowing that the name of said Cochran was a forgery, and that he had not executed the deed, or acknowledged the same before him. The plaintiff then avers that Buffington, supposing he had a perfect title to the entire leasehold interest in the tract, under the deed of assignment thus authenticated, sold the same for a valuable consideration to the defendant, and executed a deed of assignment for the same in due form; that the defendant, ignorant of the fraudulent character of the assignment to Buffington and the corrupt action of the defendant in falsely and corruptly certifying to its execution, and supposing he had a good title to the interests of all the parties, including the interest of the two-fifths vested in Cochran, contracted to sell, and did sell, the entire leasehold to other parties. And it is then averred that upon the discovery of the fraud in the assignment to Buffington and the corrupt act of the defendant in his false certificate of the acknowledgment of the same, the plaintiff was compelled to pay a large sum to perfect his title, whereby he was greatly injured, and claims damages of the defendant.

Upon the case thus made in the declaration, the question is, whether the plaintiff shows a good cause of action, and a right to recover damages for the alleged official malfeasance charged against the defendant. I regret that no prepared briefs were submitted to the court by the counsel, and that the pressure of other duties has not enabled me to look into the authorities as fully as I could have desired. From a cursory examination of the point, I can find no adjudicated cases sustaining the right of the plaintiff to a recovery in this action; while there are some that lead directly to the opposite conclusion.

The fraud and malfeasance of the defendant, if the facts averred in the declaration are true, undoubtedly show the most repulsive official corruption on the part of this defendant. And if this action was prosecuted by Buffington, who was the person directly defrauded by the acts alleged against the defendant in his official character as a notary public, there would be no question that it would be sustained, and that he could recover to the extent of any loss or injury he may have suffered. But it is a very different question, whether this plaintiff has a right of action. The general principle is, that no one but the party directly injured by the commission of a tort can sue for the injury arising from it. It is well settled that a right to compensation for a wrong committed is not assignable in fact, or by operation of law. [Comegys v. Vasse] 1 Pet. [26 U. S.] 193. There was no privity between this plaintiff and the parties implicated in the fraudulent acts alleged. He then had no interest in the property, and there could have been no intention to defraud or injure him. The alleged fraud was in the sale and conveyance to Buffington and the false authentication of the assignment to him. It was the obvious duty of the plaintiff to have inquired into the validity of Buffington's title, and I see no reason why the doctrine of caveat emptor does not apply.

The case of Dehn v. Heckman, 12 Ohio St. 181, seems to sustain the principle suggested, that the person directly injured by a tortious act, or a wrongful neglect of official duty, only has a right of action. In that case a justice of the peace was sued for not having issued process and entered judgment against the maker of a promissory note, left with him for collection. An indorser paid the note, and brought suit against the justice for neglect of duty. The court held that the owner or holder of the note had the legal right of action against the justice, and that the action by the indorser could not be sustained.

The case of Wells v. Cook, 16 Ohio St. 67, is a direct authority upon the question before the court. It is elaborately considered by Judge Brinkerhoff, in delivering the opinion of the court, and numerous cases from the English report are referred to. Instead of expanding this opinion by a special notice of these cases, I content myself by referring to them, as collected and commented on by the learned judge in his opinion.

The demurrer is sustained.