This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, C. S. Hahn on behalf of her minor son J. S. Hahn, appeals the decision of the Wayne County Court of Common Pleas, granting summary judgment in favor of appellees. We affirm in part and reverse in part.
 I.
In late 1990, Mr. and Mrs. Hahn had two sons and their niece living with them. In December 1990, the Hahns entered into an agreement with Wayne County Children Services ("WCCS") to provide temporary foster care for Joshua, a twelve-year-old child. Joshua was the Hahn family's first foster child and stayed with the Hahns between December 1990 and January 1991. In January 1991, Mrs. Hahn discovered Joshua sexually assaulting her seven-year-old son, J. S. Hahn ("Hahn"), appellant herein. Mrs. Hahn claims that WCCS knew that that Joshua had a history of sexually assaulting younger children and that despite this knowledge, WCCS never warned her family about Joshua's deviant sexual behavior.
On May 17, 1999, Mrs. Hahn filed a complaint on behalf of her son, asserting claims of fraud, intentional infliction of emotional distress, and punitive damages against Thomas Roelant, Joann Grogro, Carol Barkey, and Robin Troyer, in their individual and official capacities, and WCCS (hereinafter collectively referred to as "appellees"). Appellees answered and asserted certain affirmative defenses, including political subdivision tort liability immunity and the expiration of the applicable statute of limitations. On December 1, 1999, appellees moved for summary judgment. Hahn responded in opposition. The trial court granted summary judgment in favor of appellees on March 14, 2000. This appeal followed.
 II.
Hahn asserts four assignments of error. We will address them in turn.
Standard of Review
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip
(1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 A. First Assignment of Error The trial court erred in denying J. S. Hahn's fraud claim on the ground that he was not a party to the WCCS misrepresentations and discussions. Persons injured due to a children's services agency fraud in placement of children should be entitled to seek redress from that agency.
 In the present case, the trial court granted summary judgment in favor of appellees as to the fraud claim, concluding that appellees had made no material misrepresentations of fact directly to Hahn. Hahn argues that the trial court erred in granting summary judgment on his fraud claim because (1) there were genuine issues of material fact as to whether appellees were liable for fraud, (2) denying his right to recover for fraud would constitute a denial of his due process rights, under Section 16, Article I of the Ohio Constitution, and (3) that public policy supports his right to pursue a claim for fraud under the circumstances of this case. We disagree.
In order to prove an actionable claim for fraud, a party must establish the following elements:
 (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
 Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49. "The Ohio Supreme Court has held that a party cannot maintain an action for fraud when the fraudulent representations were not made to him to induce him to act upon them in any matter affecting his own interests." Sooy v. Ross Incineration Serv., Inc. (Oct. 20, 1999), 98CA007031, unreported, at 19, citing Wells v. Cook (1865), 16 Ohio St. 67, syllabus. Accordingly, this court has held that "a plaintiff fails to state a valid cause of action [for fraud] when he alleges that a third party relied on misrepresentations made by a defendant and that he suffered injury from that third party's reliance." Sooy, supra, at 22 (finding no cause of action for fraud in a situation where certain defendants allegedly made false statements to plaintiff's employer resulting in plaintiff's termination).
In order to defeat appellees' motion for summary judgment, Hahn must show that appellees made false representations to him or concealed material facts from him with the intent that he would rely thereon. Hahn, however, has failed to do so. Construing the facts most strongly in favor of Hahn, the evidence shows that appellees' representations or concealment of material facts regarding the foster child were made to Hahn's parents to induce them to become the foster child's caregivers. Significantly, Mrs. Hahn admitted that her son had no communications with appellees regarding the placement of the foster child in the Hahn home. Accordingly, we conclude that in viewing the evidence in a light most favorable to Hahn, reasonable minds could not differ concerning whether Hahn relied on appellees' misrepresentations or concealment of facts regarding the behavioral history of the foster child; therefore, the trial court properly granted summary judgment in appellees' favor as to Hahn's fraud claim.
Additionally, Hahn argues, without much elaboration, that public policy dictates that he should be entitled to seek redress, via a fraud claim, for the egregious harm that he has suffered. He further asserts that denying his right to recover for fraud would constitute a denial of due process of law, as guaranteed by Section 16, Article I of the Ohio Constitution, because he would be denied the opportunity to fully litigate his claim. This court, however, cannot find that under the circumstances of this case, granting summary judgment in favor of appellees on Hahn's fraud claim violates public policy or denies him due process of law. Accordingly, Hahn's first assignment of error is overruled.
 B. Second Assignment of Error The trial court erred in denying J. S. Hahn's intentional infliction of emotional distress claim on the ground of sovereign immunity. Sovereign immunity does not protect from the intentional infliction of emotional distress by a children's services agency.
 In his second assignment of error, Hahn avers that the trial court erred in granting summary judgment in favor of appellees on his intentional infliction of emotional distress claim on the grounds that appellees were immune pursuant to R.C. Chapter 2744, the Political Subdivision Tort Liability Act. Specifically, Hahn argues that the trial court erred in addressing appellees' arguments under R.C. Chapter 2744 as to the intentional infliction of emotional distress claim because these arguments were raised for the first time in appellees' reply brief.[1] We agree.
In their motion for summary judgment, appellees argued that summary judgment in their favor on Hahn's claim for intentional infliction of emotional distress was appropriate because Hahn did not suffer severe emotional distress. Appellees, however, did not aver that they were immune pursuant to R.C. Chapter 2744 on that claim in their motion for summary judgment, but rather, raised this issue for the first time in their February 7, 2000 reply brief to Hahn's brief in opposition to summary judgment. This court has stated that the restricted "purpose of a reply brief is to respond to matters raised by an opponent's brief. * * * Otherwise, a litigant may resort to summary judgment by ambush."Cincinnati Ins. Co. v. Colelli Assoc., Inc. (June 17, 1998), Wayne App. No. 97CA0042, unreported, at 8; see, also, Bridge v. Munroe Falls
(Oct. 28, 1998), Summit App. No. 19086, unreported, at 5-6. The issue of whether appellees were immune from liability under R.C. Chapter 2744 should have been raised in their motion for summary judgment. We, therefore, conclude that the trial court erred in granting summary judgment in favor of appellees on Hahn's intentional infliction of emotional distress claim on the grounds that appellees were immune pursuant to R.C. Chapter 2744.
Next, we must determine whether Hahn has established a genuine issue of material fact as to all elements of his intentional infliction of emotional distress claim. To prevail on his claim for intentional infliction of emotional distress, Hahn must prove the following four elements:
 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community;" 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."
 (Citations omitted.) Pyle v. Pyle (1983), 11 Ohio App.3d 31, 34; see, also, Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, syllabus (holding that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm").
Construing the evidence in a light most favorable to Hahn, the evidence shows that appellees knowingly placed a foster child with a history of sexually assaulting younger children in a foster home with younger children, who were likely to become the targets of such sexual abuse. Further, appellees did not warn the Hahns, who were a first-time foster family, about the foster child's history of deviant sexual behavior. The foster child repeatedly sexually assaulted Hahn, while living at the Hahn residence. As a result of such sexual molestation, Hahn suffered extreme anger, shame, and embarrassment, and continues to suffer from prolonged post-traumatic stress disorder, according to Dr. Lori Solaro-Straub, a child and adolescent psychiatrist. Accordingly, in viewing the evidence in a light most favorable to Hahn, this court concludes that reasonable minds could differ concerning whether Hahn has a claim for intentional infliction of emotional distress; therefore, summary judgment in favor of appellees was improper. Hahn's second assignment of error is sustained.
 C. Third Assignment of Error The trial court erred in holding that Appellant's claim for punitive damages was barred by Ohio Revised Code § 2744.05 and that this provision was constitutional.
 In his third assignment of error, Hahn makes the bare assertion that R.C. 2744.05(A), which prohibits the recovery of punitive damages from a political subdivision, is unconstitutional because he "is deprived of his right to seek redress in Ohio courts, a right to jury trial, due process, and equal protection of laws."[2] This court, however, finds that R.C. 2744.05(A), as applied to the particular facts of this case, is not unconstitutional and does not deprive Hahn of his right to seek redress, a right to a jury trial, due process, and equal protection of law. Accordingly, Hahn's third assignment of error is overruled.
 D. Fourth Assignment of Error The trial court erred in exceeding the scope of the Appellees' summary judgment request, in finding that the punitive damages claim against all Appellees, when only WCCS argued the claim against the agency was not subject to punitive damages.
 Hahn contends that the trial court exceeded the scope of appellees' summary judgment request when it granted summary judgment on Hahn's punitive damages claim in favor of all appellees, when only appellee, WCCS, moved for summary judgment on that claim. We disagree. At the beginning of their motion for summary judgment, appellees stated that all defendants would be collectively referred to as "WCCS," and referred to them as such throughout their brief. Hence, we find that both WCCS and its employees moved for summary judgment on the punitive damages claim, and therefore, the trial court did not err in passing upon that issue as it relates to the employees.
Hahn further avers that the trial court incorrectly determined that the individual employees were immune pursuant to R.C. 2744.02 and that his claim for punitive damages against the individual employees was time barred. We agree.
Generally, an employee of a political subdivision is immune from liability for damages caused by any act or omission in connection with a governmental or proprietary function, unless one of the enumerated exceptions applies. R.C. 2744.03(A)(6). One exception to that broad grant of immunity is if the employee's "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" R.C. 2744.03(A)(6)(b). Construing the evidence most strongly in favor of Hahn, the evidence showed that the WCCS employees knowingly placed a foster child with a history of sexually abusing younger children with first-time foster parents who had young children, without warning the family about the foster child's deviant sexual behavior. We, therefore, conclude that in viewing the evidence most strongly in favor of Hahn, the evidence presented creates a genuine issue of material fact as to whether the employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner, thereby losing their immunity under R.C. 2744.03(A)(6). Hence, the trial court erred in determining that Hahn's claims against the individual employees were barred based on immunity pursuant to R.C. Chapter 2744.
Lastly, Hahn argues that the trial court erred in finding that his punitive damages claim against the WCCS employees was barred by the applicable statute of limitations. We agree. Generally, if a person is a minor at the time a cause of action accrues, the applicable statute of limitations does not begin to run until after such person reaches the age of majority. See R.C. 2305.16. Here, Hahn was a minor when he was sexually assaulted by the foster child. Further, on May 17, 1999, when Hahn was still a minor, his mother filed a complaint on behalf of her son, pursuant to Civ.R. 17(B). Accordingly, as Hahn was still a minor when the complaint in the instant action was filed, we find that the trial court erred in concluding that Hahn's punitive damages claim against the employees was time-barred. Hahn's fourth assignment of error is sustained.
 III.
Appellant's first and third assignments of error are overruled. His second and fourth assignments of error are sustained. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
______________________________________ WILLIAM R. BAIRD
BAIRD, J., WHITMORE, J. CONCURS.
[1] Hahn also argues that appellees were not immune under R.C. Chapter 2744 and that R.C. Chapter 2744 is against public policy. We need not address these arguments, as they are rendered moot by our decision.
[2] To support his argument, Hahn directs our attention to Burr v.Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 77, in which the Ohio Supreme Court permitted the plaintiffs to recover compensatory damages from the defendant political subdivision and found that the political subdivision was not immune. The operative facts giving rise to Burr, however, occurred before the effective date of R.C. Chapter 2744, and therefore, the Ohio Supreme Court did not consider that statute in reaching its holding.