DECISION
Plaintiff-appellant, Ambrose Moses, III, appeals from the judgment of the Franklin County Court of Common Pleas, which dismissed appellant's amended complaint against defendants-appellees, Sterling Commerce America, Inc. ("Sterling Commerce"), Jones, Day, Reavis Pogue ("Jones Day"), Steven T. Catlett, Colleen A. Deep and the Ohio Civil Rights Commission ("OCRC").
Appellant was employed by Sterling Commerce from December 30, 1996, until December 19, 1997. On November 21, 1997, appellant filed a gender discrimination charge against Sterling Commerce with the OCRC. The OCRC conducted an investigation and, on October 1, 1998, it issued a finding that it was not probable that Sterling Commerce had discriminated against Moses. Moses did not exercise his right to judicial review of the OCRC's order.
As part of its investigation into the charge, the OCRC had requested that Sterling Commerce provide a copy of its employee rules, regulations, policies and procedures, as well as any union or labor agreement. Sterling Commerce, through its attorneys Jones Day, Catlett and Deep, responded as follows:
 While Sterling has no written procedures at present, the Company's general practice is to follow a progressive discipline approach, along the lines of what was done with Ambrose Moses. The Company does not have a union/labor agreement.
Appellant contends that this statement is false because Sterling Commerce had written policies and procedures, which it failed to provide. In his complaint, appellant asserted a cause of action for fraud. Appellant also asserted that appellees violated R.C. 4112.11(B) by intentionally providing a false statement to the OCRC. Moses sought: (1) damages against Sterling Commerce and its attorneys; (2) a declaration that the OCRC's request for information was an "order" under R.C. 4112.11; and (3) an injunction requiring the OCRC to reopen and reinvestigate his charge of discrimination.
On October 16, 2001, the trial court granted a motion to dismiss all claims against Sterling Commerce, Jones Day, Catlett and Deep. The court concluded that the claims for common law fraud and violation of R.C.4112.11(B) were precluded by the doctrine of witness immunity.
Appellant filed a motion for reconsideration and argued that the common law doctrine of witness immunity should not preclude his statutory claim. The trial court determined that the parties had not adequately briefed the issue of witness immunity. The court further concluded, however, that Sterling Commerce, Jones Day, Catlett and Deep were entitled to judgment on the statutory claims on the alternative ground that their response to OCRC's request for materials was not a response to a subpoena or order and, therefore, their response did not violate R.C.4112.11(B) as a matter of law.
On January 15, 2002, the trial court granted a motion to dismiss all claims against the OCRC. The trial court concluded that appellant's claim against the OCRC, if any, lies in mandamus. The court concluded that appellant did not have a viable cause of action remedy to enjoin the OCRC.
Appellant now asserts the following assignments of error:
 I. The trial court erred in granting Defendant-Appellee Sterling Commerce America, Inc.'s motion to dismiss.
 II. The trial court erred in granting Defendant-Appellees Steven T. Catlett, and Colleen A. Depp's motion to dismiss.
 III. The trial court erred in granting Defendant-Appellee Ohio Civil Rights Commission's motion to dismiss.
The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations to the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991),57 Ohio St.3d 56, 60.
We consider appellant's first and second assignments of error simultaneously. By these assignments of error, appellant argues that the trial court improperly dismissed his claims against Sterling Commerce and its attorneys. We disagree.
Appellant alleges that Sterling Commerce and its attorneys violated R.C. 4112.11(B), which provides as follows:
 (B) No person shall, with intent to mislead the commission, make or cause to be made any false entry or statement of fact in any report, account, record, or other document submitted to the commission pursuant to its subpoena or other order. No person shall willfully neglect or fail to make or cause to be made full, true, and correct entries in such reports, accounts, records, or other documents submitted to the commission. [Emphasis added.]
 We conclude that the alleged false statement at issue was not made pursuant to a subpoena or other order. In his complaint, appellant alleges that the statement was made in response to the OCRC's "Request for Information and Evidence." "It is a basic principle of statutory construction that unless a different intention appears in a statute, words in a statute shall be construed in their ordinary and natural meaning to effectuate the intent of the legislature." Layman v. Woo (1997), 78 Ohio St.3d 485, 487. An "order" is defined as follows: "1. A command, direction, or instruction. 2. A written direction or command delivered by a court or judge." Black's Law Dictionary (7th Ed. 1999). OCRC has defined "order" in Ohio Adm. Code 4112-3-10. Ohio Adm. Code 4112-3-10(A) provides for orders after hearings to be accompanied by findings of fact and conclusions of law. Ohio Adm. Code 4112-13-10(B) provides for the issuance of cease and desist orders. Last, Ohio Adm. Code 4112-13-10(C) provides for dismissal orders. Nothing in the Ohio Administrative Code provides for orders in relation to discovery of information.
 We conclude a request is not an order in the ordinary and usual meaning of the word. Because OCRC's request is not a "subpoena or other order," the response provided by Sterling Commerce and its attorneys could not, as a matter of law, violate R.C. 4112.11(B).
 We further conclude that Sterling Commerce, Jones Day, Catlett and Deep were entitled to judgment for the additional reason that appellant does not have standing to assert a cause of action for an alleged violation of R.C. 4112.11(B). R.C. 4112.04(B)(3)(e) empowers the OCRC to petition a court of common pleas for enforcement of a subpoena. See State ex rel. Ohio Civil Rights Comm. v. Gunn (1976), 45 Ohio St.2d 262, syllabus. The OCRC may also institute a civil action for a willful violation of R.C. 4112.11. See 2001 Ohio Atty.Gen.Ops. No. 2001-016. However, appellant has cited no authority that would suggest that a complainant may assert his own private cause of action for an alleged violation of R.C. 4112.11(B).
 It is not clear whether appellant is also appealing from the trial court's dismissal of appellant's claims for common law fraud, as appellant did not address this cause of action in his brief or at oral argument. We nonetheless consider the issue and conclude that Sterling Commerce and its attorneys were entitled to judgment as a matter of law on appellant's claims for common law fraud.
 In order to prevail on a theory of fraud, appellant must prove the following elements: (1) a representation or fact or, where there is a duty to disclose, a concealment; (2) which is material to the transaction; (3) made with knowledge of its falsity or with such utter disregard and recklessness that knowledge of its falsity may be inferred; (4) with the intent to mislead another in relying on it; (5) justifiable reliance; and (6) injury proximately caused by the reliance. Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475. The elements of fraud must be directed against the alleged victim. The Ohio Supreme Court has held that a party cannot maintain an action for fraud when the fraudulent representations were not made to him to induce him to act. Wells v. Cook (1865), 16 Ohio St. 67, syllabus. A plaintiff fails to state a valid cause of action for fraud when he alleges that a third-party relied on misrepresentations made by a defendant and that he suffered injury from that third-party's reliance. Sooy v. Ross Incineration Services, Inc. (1999), Loraine App. No. 98CA007031. Even were we to conclude that Sterling Commerce or its attorneys knowingly made a materially false statement or omission, it would have been made with the intent to mislead the OCRC and not appellant.
 Appellant had argued below that OCRC was his agent for purposes of investigating his charge of discrimination and, accordingly, false statements to the OCRC amounted to false statements to appellant. This court has previously determined, however, that the OCRC is not the agent of an individual complainant. See Dawson v. Ohio Civil Rights Comm. (1977), Franklin App. No. 77AP-535. Accordingly, we reject appellant's argument. Appellant's first and second assignments of error are overruled.
 By his third assignment of error, appellant argues that the trial court erred in granting the OCRC's motion to dismiss. Appellant argues that it was within the province of the trial court to issue an injunction to require the OCRC to reopen and reinvestigate appellant's charge of discrimination. We disagree.
 Appellant contends that an injunction is warranted "as the most appropriate and equitable way to address the injustice that had occurred with respect to the OCRC." As we have already articulated, however, appellant does not have a viable cause of action to obtain a redress on behalf of the OCRC. Pursuant to R.C. 4112.06, appellant was entitled to obtain judicial review of the OCRC's final order. Appellant failed to timely pursue his statutory right of appeal. Appellant's third assignment of error is overruled.
 For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, J., concur.